UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIANE KAY W.,

                Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.

CASE NO. C20-5641-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1954.[1] She has a high school education and previously worked as a general duty nurse. (AR 25.)

Plaintiff filed an application for DIB in April 2017, alleging disability beginning August 7, 2016. (AR 55.) The application was denied at the initial level and on reconsideration.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

On May 15, 2019, ALJ Rudolph M. Murgo held a hearing, taking testimony from plaintiff and a vocational expert. (AR 33-54.) On June 3, 2019, the ALJ issued a decision finding plaintiff not disabled from August 7, 2016, through the date of the decision. (AR 17-26.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on May 7, 2020 (AR 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff had the severe impairments of headaches, history of traumatic brain injury/post-concussive syndrome, cognitive disorder, and anxiety/posttraumatic stress disorder. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform simple, routine, medium-exertion work without climbing ropes, ladders, or scaffolds or working around heights, hazards, or heavy equipment, and with occasional public contact. With that

assessment, the ALJ found plaintiff unable to perform her past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the vocational expert, the ALJ found plaintiff capable of performing other jobs, such as work as an agricultural produce packer or hand packager.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by failing to include a limitation to three-step tasks and a noise level limitation in the RFC. She requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

Three-step Tasks

In evaluating a medical opinion, an ALJ must either accept the opinion and incorporate its limitations into the RFC or explain why the opinion was rejected. SSR 96-8p, 1996 WL 374184,

ORDER
PAGE - 3

at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Two State agency psychologists opined plaintiff could "understand and remember simple 1-3 step instructions. . . . However, the claimant would not be able to consistently understand and remember instructions that are more detailed than this." (AR 64, 80.)

The Commissioner concedes the ALJ "found the State agency reviewing opinions persuasive—including their opinion that [plaintiff] could perform up to three-step tasks. . . ." (Dkt. #9 at 3; *see* AR 23.) Yet the ALJ only limited plaintiff to "simple, routine tasks not exceeding [a Specific Vocational Preparation (SVP) level] of 2" without limiting the number of steps a task could require. (AR 20.) The two jobs on which the ALJ relied at step five were SVP level two and reasoning level two. Dictionary of Occupational Titles (D.O.T.) § 920.687-134, 1991 WL 687994; D.O.T. § 920.587-018, 1991 WL 687916.

Plaintiff contends the ALJ erred by not limiting her RFC to three-step tasks. The Commissioner contends the ALJ reasonably translated the psychologists' three-step limitation into a limitation to simple, routine work. However, an ALJ cannot ignore concrete restrictions under the guise of translating them. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (an RFC must include all of the claimant's functional limitations supported by the record). According to the opinions the ALJ accepted, plaintiff cannot perform simple, routine tasks with four or more steps. Yet, under the ALJ's RFC, plaintiff can. Accordingly, the ALJ erred by failing to incorporate all of plaintiff's functional limitations in the RFC.

The Commissioner argues the ALJ rationally concluded a person limited to three-step tasks could carry out "detailed but uninvolved" instructions as required for reasoning level two. (Dkt. #9 at 5 (citing *Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015)).) But the Commissioner offers

no evidence that "detailed" instructions never require more than three steps, and thus that plaintiff could perform all jobs at reasoning level two.

The Commissioner contends a person who can perform two-step tasks can perform reasoning level one jobs and, therefore, a person who can perform three-step tasks must be able to "perform jobs at the next higher reasoning level (level two)." (Dkt. #9 at 5.)  Such a person may be able to perform *some* reasoning level two jobs.  However, there is no evidence that every reasoning level two job requires no more than three-step tasks.  And there is no evidence in the record that the jobs the ALJ relied on required only three-step tasks.

The Commissioner argues plaintiff has not shown the jobs the ALJ relied on at step five required more than three-step tasks.  However, at step five, it is the Commissioner who bears the burden to show that a claimant is not disabled because he or she can perform work that exists in significant numbers in the national economy.  20 C.F.R. § 404.1560(c)(2).  It is thus the Commissioner's burden to show the jobs identified are consistent with plaintiff's RFC.  The Commissioner has not met that burden.  The vocational expert's testimony did not address this issue and thus cannot form a basis to uphold the ALJ's step-five finding.  *See Lewis v. Apfel*, 236 F.3d 503, 517-18 (9th Cir. 2001) ("Hypothetical questions asked of the vocational expert must 'set out all of the claimant's impairments.'  If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.") (quoting *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1278, 1279 (9th Cir. 1987)).  The D.O.T. does not contain such information.  No evidence currently in the record meets the Commissioner's step-five burden.

The Court concludes the ALJ harmfully erred by failing to incorporate a three-step limitation.

ORDER
PAGE - 5

Noise

Plaintiff contends the ALJ erred by failing to include in the RFC a noise level limitation, based on her complaints of noise sensitivity in some treatment notes and her statement in a headache questionnaire that loud noise worsens her headaches. Plaintiff points to no evidence other than her statements to support any RFC limitation based on noise. The ALJ found plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record," a finding plaintiff does not challenge. (AR 21.) Plaintiff argues the ALJ did not specifically address noise complaints. However, the ALJ discounted plaintiff's statements about headaches, the only medically determinable impairment plaintiff contends could cause noise-related symptoms. (*See* Dkt. #8 at 13, Dkt. #10 at 5.) An RFC assessment need not account for limitations based on testimony that the ALJ properly rejected. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). The Court concludes the ALJ did not err by failing to include a noise limitation in the RFC.

**CONCLUSION**

For the reasons set forth above, this matter is REMANDED for further administrative proceedings.

DATED this 9th day of December, 2020.

Mary Alice Theiler
United States Magistrate Judge